SISTRUNK, et al. *v.* GRAHAM, et al.

Dec. 1, 1952

No. 38510          10 Adv. S. 41          61 So. 2d 335

*Brunini, Everett, Grantham & Quin* and *Michael J. Peterson,* for appellants.

*Buchanan & Montgomery,* for appellees.

ARRINGTON, J.

In May, 1951, Walter E. Sistrunk, and others, appellants, filed an affidavit and declaration in ejectment against appellees-defendants, Robert Graham and wife, Mrs. Genie Graham, in the Circuit Court of Wayne County. The declaration and amendment thereto, by a bill of particulars, deraign title to the 78.56 acres in question. Appellants claim under an oil, gas, and mineral lease from the United States of America to M. J. Peterson, lessee, dated August 1, 1948, with the primary term of five years and so long thereafter as oil or gas is produced in paying quantities. Appellants' oil and gas lessor, the United States, was not made a party plaintiff or defendant.

Appellees pleaded non-joinder of a necessary and indispensable party, namely, that the United States, which under appellants' theory owned the lands subject to appellants' lease, was such a necessary and indispensable party. Appellees also filed a plea of not guilty and denial of the averments of the declaration. In an amendment by a bill of particulars, appellees pleaded that title to the lands in question had been acquired from the United States "by some person unknown to these defendants prior to the year 1892"; that appellees and their predecessors in title have been in open, notorious, adverse, and continuous possession of the lands, paying taxes thereon for more than forty years; that under these circumstances it will be presumed that the sovereign has long ago conveyed title to the land to private individuals through whom appellees claim; and that a lost grant will be presumed.

Upon application by appellants for a survey of the lands, the circuit clerk issued a commission to a surveyor, who made a report to the court. That report stated that appellees refused to allow him upon the lands for the purpose of making the survey. Appellants state in their brief, and appellees do not dispute it, that on the hearing

of the plea of non-joinder of a necessary party, appellants advised the court that the United States would not give its consent to be made a party to the suit either as a plaintiff or defendant. The final order from which this appeal is taken sustained appellees plea of non-joinder by appellants of a necessary party, the United States, and dismissed the action "for want of jurisdiction of the court." Hence the sole issue here is whether the United States is a necessary party to this action of ejectment.

We do not think it is. In State Mineral Lease Commission v. Lawrence, 171 Miss. 442, 157 So. 897 (1934), Lawrence and others brought an action in chancery court, in which they claimed title to certain lands, and made defendants the members of the State Mineral Lease Commission. The bill charged that the commissioners held of record certain deeds which were void and cast clouds upon complainant's title. The trial court found that Lawrence was the true owner and that the title held in the name of the commissioners for the Commission was invalid. The final decree cancelled that deed. The issue on appeal was whether the court had jurisdiction to entertain the suit. It was argued that a sovereign state and its political subdivisions cannot be sued in the courts except upon the express statutory consent of the state. But the court said that this rule applies only when the state or its subdivisions is actually made a party or "is actually necessary to be made a party in order to furnish the relief demanded by the suit." Appellants argued that the real or substantial interest in the suit was in the state itself, and that the court could not proceed until all parties whose interests will be substantially affected by the decree have been brought before the court. Replying to this contention, this Court cited an early decision of the United States Supreme Court and held as follows: "But if the person who is the real principal, the person who is the true source of the mischief, by whose

power and for whose advantage it is done, be himself above the law, be exempt from all judicial process, it would be subversive of the best established principles to say that the laws could not afford the same remedies against the agent employed in doing the wrong which they would afford against him could his principal be joined in the suit."

Griffith, Mississippi Chancery Practice (2d ed. 1950), Sec. 106, interprets the effect of the Lawrence case as follows: **(Hn 1)** "The rule as to necessary parties does not apply to parties who are immune from suit, so that although the state's interest will be affected by suit against its officers, the absence of the state as a party will not prevent the suit."

The *Lawrence* case was cited with approval in State v. Sanders, 203 Miss. 475, 35 So. 2d 529, 532-533 (1948). See also 18 Am. Jur., Ejectment, Sec. 72.

In the present case the United States will not consent to join in this suit brought by its oil and gas lessee, and manifestly can not be sued as a party defendant. Under these circumstances, the quoted principle in the Lawrence case is sound and just both in equity and in law courts. Otherwise, according to appellees' contention, appellants, assuming they have a valid oil and gas lease, have no remedy, although they have been injured. The rule as to necessary parties does not apply, therefore, to parties who are immune from suit. **(Hn 2)** The absence of the sovereign as a party should not prevent a suit involving possession or title to property where the party seeking to enforce his rights has an enforceable interest in the land. We decide only that the United States is not under these particular circumstances a necessary party. Any judgment rendered would not be res judicata as to the United States, if it is not a party. We do not consider, on this appeal from an order sustaining a plea of non-joinder of an alleged necessary party, any issues other than that particular one.

Reversed and remanded for further proceedings not inconsistent with this opinion.

*McGehee, C. J.,* and *Lee, Kyle,* and *Ethridge, JJ.,* concur.

ETHRIDGE, J., specially concurring:

I concur with the basis assigned in the controlling opinion for reversing the action of the circuit court. However, I think that an equally important and substantial reason why the order below was erroneous is that, under the ownership-in-place theory long ago adopted by Mississippi, an oil, gas and mineral lessee owns a present possessory estate in the surface as well as the minerals in the land; and that this interest is such an interest as is enforceable in an action of ejectment without the oil and gas lessor being a party to the suit, whether the lessor is a sovereign state or an individual.

The statutory action of ejectment in Mississippi is initially a possessory action, but title to the lands can be considered and adjudicated where it is necessary and proper to resolve the controversy. Miss. Code 1942, Secs. 778-830. Ejectment in practically all of the states has become a statutory action. And the general rule is that the lessor is neither a necessary nor a proper party to an action brought by or against a lessee. In 18 Am. Jur., Ejectment, Sec. 68, it is said that an action of ejectment may be brought "by a lessee to recover possession in his own behalf . . ." Anno., L. R. A. 1918A, 55. See 28 C. J. S., Sec. 52, ps. 901-904. And only persons in actual occupation are necessary parties defendant.

The Mississippi statutes recognize these principles. Sec. 778 says that ejectment "may be maintained in all cases where the plaintiff is legally entitled to the possession of the land sued for and demanded." He may claim only an undivided interest or in part of the total estate. Code Secs. 785, 801, 817. Sec. 780 provides that an actual occupant is a necessary party, and all other persons claiming title or interest "*may* also in all cases

be joined as defendant." Sec. 782 states that every tenant sued in ejectment shall give notice to his landlord, and the landlord has a right to intervene as a defendant. A reversioner or remainderman may intervene as a party. Sec. 783. These and other statutes in this chapter indicate a legislative intent that a lessee with present possessory rights in the land is entitled to bring his action against an occupant.

Is an oil, gas, and mineral lessee a lessee with such a present possessory interest? The great weight of authority says that he is. 3 Summers, Oil and Gas (1938), Sec. 532, discusses this question in detail and the decisions dealing with it. Summers' conclusions from the cases are as follows: "It is intention of the parties to an oil and gas lease, regardless of the type of the drilling clause, that the lessee shall have possession of so much of the surface as may be found necessary for the drilling of wells and producing oil and gas therefrom. It is always understood that the lessor or his tenants may have possession of such parts of the surface as are not necessary for oil and gas operations. It is true that the possession of the lessee may not be the exclusive possession of all of the surface, but it may be exclusive as to a part. If the lessee is prevented from taking such possession as he is entitled to under the lease, or is ousted therefrom by the lessor or any other person in possession, he should be able to recover that possession in ejectment regardless of the type of the granting clause of his lease."

In 4 Summers, Oil and Gas, Sec. 652, these conclusions are further supported by a detailed discussion of "legal relations between lessor and lessee as to the use of the surface." These views are in accordance with the ownership-in-place theory of oil and gas leases which has been adopted in Mississippi. Koenig v. Calcote, 199 Miss. 435, 450, 25 So. 2d 763 (1946). To the same effect are 24 Am. Jur., Gas and Oil, Sec. 164, and 58 C. J. S., Mines and Minerals, p. 421.

A leading case in point on the facts of the instant decision is Barnsdall v. Bradford Gas Co., 225 Pa. 338, 74 Atl. 207 (1909). An oil and gas lessee, never in possession of the premises, brought an action of ejectment to recover from a third party who did not claim under the lessor. The defense was that the oil and gas lease conveyed no present possessory interest in the surface of the land but was simply a license, and therefore was not sufficient to sustain an action of ejectment. This defense was rejected and the views summarized by Summers were adopted. Another leading case is Ewert v. Robinson, 289 Fed. 740, 35 A. L. R. 219 (C. C. A. 8th, 1923). See also Anno., ''Right Of Owner Of Interest In Minerals In Suit To Maintain Ejectment,'' 35 A. L. R. 234 (1925); 2 Thornton, Oil and Gas, Sec. 563a.

Hence it is irrelevant whether a sovereign state is the oil and gas lessor. The accepted view is that an oil, gas and mineral lessee, certainly in a state adopting the ownership-in-place theory, has a present possessory interest in the surface of the lands which will support an action of ejectment, to the extent of those interests. The nature of the production requirements in the lease from the United States does not vitiate the effect of the granting clauses. And if on the merits appellants should prevail, the final judgment in ejectment would, of course, be limited to the extent of the interests owned by the oil and gas lessee. Miss. Code 1942, Secs. 785, 801, 817.

In brief, the lessor in the oil, gas, and mineral lease assigned to appellee is not a necessary party because the lessee has a present possessory interest, limited in scope but superior to that of the lessor, in the surface of the lands, as well as an estate in the minerals in place, which lessee can protect by an action of ejectment. For this reason, as well as that assigned in the controlling opinion, I concur in the reversal and remand of this case.